# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
## KEY WEST DIVISION

### CASE NO.: 4:20-cv-10076-JLK/BECERRA

KEY WEST BAR PILOTS ASSOCIATION
and PIER B DEVELOPMENT CORP,
a Florida corporation,

       Plaintiffs,

v.

R. JOYCE GRIFFIN, in her official capacity as
SUPERVISOR OF ELECTIONS FOR MONROE
COUNTY, FLORIDA; the CITY OF KEY WEST,
FLORIDA, a municipal corporation of the State of
Florida; and KEY WEST COMMITTEE FOR SAFER,
CLEANER SHIPS, INC., a Florida non-profit
corporation,

       Defendants.

_____/

### ORDER GRANTING DEFENDANT KEY WEST COMMITTEE, INC.'s
### MOTION FOR SUMMARY JUDGMENT

On August 12, 2020, the Court conducted a properly noticed hearing by Zoom regarding

cross-motions for summary judgment filed by plaintiffs, Key West Bar Pilots Association ("Bar

Pilots") and Pier B Development Corp. ("Pier B"), and defendant, Key West Committee for Safer,

Cleaner Ships, Inc. (the "Key West Committee"). Plaintiffs' motion for summary judgment sought

on constitutional and statutory grounds to remove three (3) citizen-sponsored Initiatives from the

December 3, 2020 ballot. Those Initiatives seek to add three (3) provisions to the City of Key West

Charter. The Key West Committee's motion for summary judgment sought dismissal of plaintiffs'

entire action for lack of justiciability under Article III of the U.S. Constitution and related prudential reasons.

The parties agreed that the Key West Committee's motion for summary judgment raised "threshold" issues of Article III justiciability; therefore, the Court first dealt with that motion. The Court carefully considered the parties' respective written submissions regarding the Key West Committee's motion for summary judgment (ECF Nos. 40, 41, 42, 52 and 53), reviewed the extensive case law cited by the parties, did its own research, and heard extended oral argument from counsel for the parties.

As announced on the record at the conclusion of the August 12th hearing, the Court is persuaded that as a matter of undisputed fact and law, the Key West Committee carried its burden entitling it to summary judgment. Specifically, the Court found that, because cruise ship operations into Key West ceased in mid-March 2020 under a CDC "No Sail" Order implemented in response to the COVID-19 pandemic, and because those cruise ship operations will not resume until October 31, 2020 at the earliest, plaintiffs cannot show that they will be causally injured by mere inclusion of the three (3) citizen Initiatives on the November 3, 2020 ballot (which may or may not receive voter approval). Under these circumstances, plaintiffs have not met their burden of demonstrating injury that is (a) "concrete" and "particularized," and (b) "actual" or "imminent," not merely "conjectural" or "hypothetical" under *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Thus, plaintiffs fail to satisfy Article III standing requirements, the declaratory and injunctive relief sought by plaintiffs is not constitutionally "ripe" for decision, and would constitute an advisory opinion.

For these reasons, it is ORDERED AND ADJUDGED as follows:

2

1. The Key West Committee's motion for summary judgment is **GRANTED,** and this action is hereby dismissed without prejudice.

Since this case is dismissed based on Article III justiciability grounds, the Court need not, and does not, reach the issues raised in plaintiffs' motion for summary judgment

DONE AND ORDERED in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 18th day of August, 2020.

JAMES LAWRENCE KING

UNITED STATES DISTRICT JUDGE

cc:     All Counsel of Record

3